Matter of Connolly (2020 NY Slip Op 04835)





Matter of Connolly


2020 NY Slip Op 04835


Decided on September 2, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOSEPH J. MALTESE, JJ.


2020-00928

[*1]In the Matter of Nicholas Christopher Connolly, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Nicholas Christopher Connolly, respondent. (Attorney Registration No. 4816393)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 4, 2010.



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On February 3, 2020, the Grievance Committee for the Tenth Judicial District served the respondent, by means of substituted service, as authorized by the Presiding Justice pursuant to Judiciary Law § 90(6), with a notice of petition and a verified petition, both dated October 25, 2019, and duly filed those papers with this Court together with an affidavit of service. The petition contains three charges alleging, among other things, that the respondent failed to re-register with the Office of Court Administration (hereinafter OCA) as required by Judiciary Law 468-a; failed to update the OCA of his current business address as required by Judiciary Law 468-a; and failed to cooperate with the Grievance Committee in the investigation of a complaint of professional misconduct.
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served, by means of substituted service, as authorized by the Presiding Justice pursuant to Judiciary Law § 90(6), upon the respondent on March 6, 2020. To date, the respondent has failed to submit papers in response to the motion.
Accordingly, the Grievance Committee's motion to deem the charges of the verified petition dated October 25, 2019, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated October 25, 2019, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nicholas Christopher Connolly, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Nicholas Christopher Connolly, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Nicholas Christopher Connolly, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Nicholas Christopher Connolly, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court